UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFERY ARISTOTLE PECORARO,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON, et al.,<br><br>Defendants. | Case No. 3:24-cv-05045-TMC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

## I. INTRODUCTION

This case arises from pro se Plaintiff Jeffery Aristotle Pecoraro's allegations that a Washington state law allowing noncitizens to serve on certain state boards and commissions violates the United States Constitution. *See* Dkt. 4. Before the Court is Defendant State of Washington's motion to dismiss. Dkt. 9. Because Mr. Pecoraro has not shown a concrete injury sufficient to satisfy the requirements of standing under Article III of the U.S. Constitution, the Court lacks jurisdiction over his claims and GRANTS the State's motion to dismiss.

## II. BACKGROUND

Mr. Pecoraro filed this case on January 14, 2024, against the State of Washington and Washington Attorney General Robert W. Ferguson. Dkt. 1. On February 5, the State moved to dismiss the case, arguing that (1) Mr. Pecoraro does not have Article III standing to bring his

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 1

claims; (2) Defendants are not "persons" subject to suit under 42 U.S.C. § 1983 and have immunity under the Eleventh Amendment; (3) Mr. Pecoraro fails to state a claim for which relief can be granted; and (4) he is collaterally estopped from relitigating his claims since they were already fully litigated in Washington state court. *See* Dkt. 9 at 2.

Mr. Pecoraro's complaint alleges that Washington Substitute Senate Bill (SSB) 5753—which removed language requiring U.S. citizenship as a condition of appointment to several state healthcare boards, commissions, and committees—disenfranchises Washington residents and violates the Washington and United States constitutions. *See* Dkt. 1 at 5–6; Dkt. 4 at 5–6; Dkt. 9 at 2. He previously brought a similar case in Washington state court, where the Washington State Court of Appeals upheld the trial court's summary judgment against him. *See id*.

### III.   DISCUSSION

#### A.   Requirements for Standing Under Article III

Federal courts are "courts of limited jurisdiction" and possess "only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Article III of the United States Constitution limits the Court's jurisdiction to "Cases" and "Controversies." U.S. Const. art. III, § 2. For a case or controversy to exist, the party bringing the case must have standing. *Perry v. Newsom*, 18 F.4th 622, 630 (9th Cir. 2021), *cert. denied sub nom.*, *Hollingsworth v. Perry*, 143 S. Ct. 301 (2022) (citing *Hollingsworth v. Perry*, 570 U.S. 693, 700 (2013)). The "irreducible constitutional minimum" of Article III standing requires the plaintiff to show three elements: (1) they suffered an injury in fact, (2) the injury is fairly traceable to the challenged conduct of the defendant, and (3) the injury is likely to be redressed by a favorable judicial decision. *See Spokeo v. Robins*, 578 U.S. 330, 338 (2016); *see also Perry*, 18 F.4th at 630. The plaintiff "bears the burden of establishing these elements" as the party invoking the Court's jurisdiction. *Spokeo*, 578 U.S. at 338.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 2

First, "[t]o establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id*. at 339 (internal quotations and citation omitted). A concrete injury is one that is "real, and not abstract." *Id*. at 340 (internal quotation marks omitted). At the same time, "intangible harm" and "the risk of real harm" can satisfy the concreteness requirement. *Id*. at 340–41; *see also Bassett v. ABM Parking Servs., Inc.*, 883 F.3d 776, 779 (9th Cir. 2018). A "particularized injury" is one that affects the plaintiff "in a personal and individual way." *Safer Chems., Healthy Fams. V. U.S. Env't Prot. Agency*, 943 F.3d 397, 411 (9th Cir. 2019). A "plaintiff claiming only a generally available grievance about government, unconnected with a threatened concrete interest of his own, does not state an Article III case or controversy." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 556 (1992).

Second, for the injury to be "fairly traceable" to the challenged conduct, "there must be a causal connection between the injury and the conduct complained of." *Lujan*, 504 U.S. at 560. And third, to be redressable, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable [judicial] decision." *Id*. (internal quotation marks omitted).

### B. Mr. Pecoraro's suit does not articulate a concrete injury.

Mr. Pecoraro's complaint does not meet the first element required for Article III standing. *See Spokeo*, 578 U.S. at 338. The injury he alleges—the appointment of noncitizens to Washington healthcare boards and commissions—is not shown to have occurred. *See* Dkt. 1, 4. Mr. Pecoraro has not alleged that any noncitizens are serving on any state healthcare boards or commissions; nor does he point to any pending appointments since the passage of SSB 5753. *See id*. His alleged injury is not concrete, particularized, actual, or imminent and instead remains only "conjectural or hypothetical." *Spokeo*, 578 U.S. at 339.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 3

Moreover, even if a noncitizen were to be appointed, Mr. Pecoraro has not articulated how this would result in a particularized injury to him. Mr. Pecoraro makes broad assertions that there is a "fundamental tenet that citizens, exclusively, have the right to hold public office," that "foreign nationals formulating public policy" poses a "threat to the People," *see* Dkt. 1 at 6, and that he—as a registered nurse—would suffer "an imminent injury of political rights for being subjected to regulation by a foreign national that may be appointed to the Board of Nursing at any time." *See* Dkt. 10 at 2. But he does not allege that there is any pending proceeding or action in front of the Board of Nursing that would affect him "in a personal and individual way." *Safer Chems.*, 943 F.3d at 411.

Instead, Mr. Pecoraro's allegations are the type of "generally available grievance about government, unconnected with a threatened concrete interest of his own" that do "not state an Article III case or controversy." *Lujan*, 504 U.S. at 556. Mr. Pecoraro does not articulate a concrete injury and fails to satisfy the first requirement for standing. Because failure to satisfy any of the three elements means the Court lacks subject matter jurisdiction over Mr. Pecoraro's claims, it is unnecessary to address the second or third elements of the standing inquiry, or the State's other arguments for dismissal.

## IV.    CONCLUSION

For the reasons discussed above, the State's motion to dismiss is GRANTED and Mr. Pecoraro's complaint is DISMISSED WITHOUT PREJUDICE. *See Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) ("In general, dismissal for lack of subject matter jurisdiction is without prejudice.").

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 16th day of April, 2024.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 5